Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff*
*Herman Leroy Smiley, Sr.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN LEROY SMILEY, SR.<br><br>Plaintiff,<br><br>vs.<br><br>AECOM TECHNOLOGY CORPORATION and NOLSTER CORPORATION D/B/A EMPLOYMENT RESEARCH SERVICES<br><br>Defendants. | Civil Action No.   2:16-cv-1419<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.     Plaintiff Herman Leroy Smiley, Sr. is an adult individual who resides in Zephyrhills, Florida.

5.     Defendant AECOM Technology Corporation (hereafter "AECOM") is a business entity that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 1999 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067.

6.     Defendant Nolster Corporation d/b/a Employment Research Services (hereafter "ERS") is a business entity that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 7600 Dublin Blvd., Ste. 220, Dublin, CA 94568.

**FACTUAL ALLEGATIONS**

7.     Defendant ERS has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information") from at least November 2015.

8.     The inaccurate information includes, but is not limited to a felony burglary, second degree misdemeanor trespass in unoccupied structure or conveyance, misdemeanor disorderly conduct, misdemeanor violate injunction for protect against domestic violence, misdemeanor disorderly intoxication, misdemeanor criminal mischief, misdemeanor loitering and prowling, misdemeanor petit theft, traffic infractions for violation of learner's license, driving without a license with knowledge, safety belt violation, improper equipment that belong to another consumer.

9.     ERS, however, has been inaccurately reporting these charges on Plaintiff's consumer report.

2

COMPLAINT AND JURY DEMAND

10. ERS has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown, including but not limited to Defendant AECOM.

11. Specifically, Plaintiff applied for and was denied employment with the AECOM in or around November 2015.

12. The basis for this denial was the inaccurate information that appears on Plaintiff's consumer reports, which was a substantial factor for the denial.

13. Plaintiff further received no contemporaneous notice from Defendant ERS in connection with the application that public record information was being reported about Plaintiff at the time it sold a consumer report about Plaintiff for employment purposes in compliance with 15 U.S.C § 1681k.

14. Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide a copy of the report to the job applicant, along with a notice of the applicant's dispute rights under the FCRA, *before* taking the adverse action, 15 U.S.C. § 1681b(b)(3)(A).

15. Here, AECOM used the ERS consumer report in its determination about Plaintiff's eligibility for employment, but never provided the required notice that adverse action may be taken based in whole or in part on the information contained in the ERS consumer report or a copy of the report.

16. The reasons for the "pre-adverse action" requirement with regard to employment situations are to alert the job applicant that he or she is about to be rejected based on the content of a report, and provide him or her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect is lost.

COMPLAINT AND JURY DEMAND

17. AECOM never provided such a notice to Plaintiff, depriving him of the right to dispute, and have corrected, inaccurate or misleading information reported about him.

18. Immediately after the sale of the ERS consumer report to AECOM, Plaintiff's employment application was rejected and Plaintiff was informed by AECOM that the basis for this denial was the multiple derogatory criminal and traffic records reported about Plaintiff on Plaintiff's ERS consumer report and that the inaccurate information was a substantial factor for the denial.

19. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

20. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### FIRST CLAIM FOR RELIEF

*Violation of FCRA - ERS*

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for:

 (a) willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C § 1681(k); and/or

 (b) willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C § 1681(k).

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## SECOND CLAIM FOR RELIEF
*Violation of FCRA - AECOM*

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Defendant was a "person" and a "user of consumer reports for employment purposes" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681b(b)(3)(A).

31. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a user of consumer reports for employment purposes pursuant to 15 U.S.C. § 1681b(b)(3).

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

1  Dated:   March 1, 2016                     Respectfully submitted,
2
3                                             _____
4                                             Stephanie R. Tatar
                                              Tatar Law Firm, APC
5                                             3500 West Olive Avenue
                                              Suite 300
6                                             Burbank, CA 91505
7                                             Telephone: (323) 744-1146
                                              Facsimile: (888) 778-5695
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27